HAZIM H. ABDULLAH-BEY, Defendant Below-Appellant,
v.
BANK ONE, as Trustee of the Amortizing Residential Collateral Trust, 2002-BC1, assignee of the CIT Group/Consumer Finance, Inc., Plaintiff Below-Appellee.
No. 379, 2007
Supreme Court of Delaware.
Submitted: March 28, 2008.
Decided: June 20, 2008.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 20th day of June 2008, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The defendant-appellant, Hazim Abdullah-Bey, filed this appeal from a Superior Court order, dated July 2, 2007, which entered a default judgment against him in a mortgage foreclosure action. After careful consideration of the parties' respective positions on appeal, we find it manifest that the judgment below should be affirmed.
(2) The record reflects that the plaintiff-appellee, Bank One, filed its initial complaint in foreclosure in August 2005, asserting that Abdullah-Bey had executed a mortgage in June 2001 but had failed to make payments on the mortgage since November 2003. Abdullah-Bey filed an answer to the complaint contending that he had satisfied the debt pursuant to a Statement of Assignment of Account, dated February 9, 2004, which he had filed in accordance with the Uniform Commercial Code and Delaware Code. Abdullah-Bey provided no documentation to establish his defense of a valid assignment of the debt. Bank One filed a motion to strike Abdullah-Bey's answer to the complaint and requested entry of a default judgment because there was no evidence Bank One had ever consented to an assignment of the debt. Abdullah-Bey responded to the motion by providing a copy of the purported assignment, which reflected that Abdullah-Bey was assigning his debt to "the original debtor" for payment to Ocwen Federal Savings Bank. The purported unilateral assignment of debt was not endorsed by Bank One, as the "original debtor," or Ocwen Federal Savings Bank. It was signed only by Abdullah-Bey.
(3) At the hearing on Bank One's motion for default judgment, the Superior Court orally ruled that Abdullah-Bey's defense had no substantive merit because the Uniform Commercial Code was inapplicable to assignments of secured interests in real estate and because the affidavit of defense otherwise failed to comply with 10 Del. C. § 3901.
(4) In its brief on appeal, Bank One acknowledges that the Superior Court's blanket statement that the UCC did not permit an assignment of interest in real estate was incorrect. Nonetheless, Bank One argues that the Superior Court's misstatement of the law was harmless because any purported assignment by Abdullah-Bey in this case was invalid because Abdullah-Bey was not a secured party permitted to make an assignment of the debt. We agree. Abdullah-Bey's attempt to unilaterally assign his debt to Bank One, as "the original debtor," was invalid. Further, the affidavit of defense did not aver a conveyance of the real estate to Bank One. Abdullah-Bey failed to aver a legal defense to the complaint.[1] Because the affidavit of defense was insufficient, Bank One was entitled to a default judgment in its favor.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] See 6 Del. C. § 9-203(d)(2).